UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAKAN ALNAWAISEH,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1440

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.12.) In an order entered on May 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

January 28, 2026, bond hearing on May 7, 2026, (Resp., ECF No. 5; Recording of Jan. 28, 2026, Bond Hearing, filed on May 7, 2026), and Petitioner filed his reply on May 12, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Jordan who was admitted to the United States on July 21, 2018, "as a nonimmigrant B2 visitor for pleasure with authorization to remain in the U.S. for a temporary period not to exceed January 20, 2019." (Jan. 17, 2024, Decision & Order Immigration Judge, ECF No. 5-1, PageID.63.) On October 25, 2019, the Department of Homeland Security issued Petitioner a Form I-862, Notice to Appear, charging Petitioner with removability because Petitioner remained in the United States beyond his authorization date. (*See id.*) On January 17, 2024, the Cleveland Immigration Court ordered that Petitioner be removed to Jordan. (*Id.*, PageID.74.) Petitioner appealed this decision to the Board of Immigration Appeals, and Petitioner's appeal remains pending.[1] (*See* Resp., ECF No. 5, PageID.50.)

On January 6, 2026, ICE arrested Petitioner. (*See* 2026 Form I-213, ECF No. 5-2, PageID.78.) On January 28, 2026, the Cleveland Immigration Court held a bond hearing pursuant to § 1226(a). (*See* Jan. 29, 2026, Order Immigration Judge, ECF No. 5-3.) On January 29, 2026, the Immigration Judge issued a short order denying Petitioner's request for bond because "the Court f[ound] that the Respondent is a flight risk and that no amount of bond would ensure his presence at future hearings." (*Id.*, PageID.81.) On February 9, 2026, the Immigration Judge issued a longer decision and order, providing the Court's analysis and reasoning for denying bond, and

---

[1] Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). And, because Petitioner's appeal to the BIA remains pending, § 1226(a) governs Petitioner's detention. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

2

in the decision and order, the Immigration Judge explained that she was denying bond because "[Petitioner] failed to demonstrate that he is not a flight risk." (Feb. 9, 2026, Decision & Order Immigration Judge, ECF No. 5-4.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     May 14, 2026                          /s/ Jane M. Beckering
                                                 Jane M. Beckering
                                                 United States District Judge